IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES of AMERICA                                      PLAINTIFF/RESPONDENT

V.                          No.  13-40004;  14-04060

CHRISTIAN NOEL DUBON-DELAO                                    DEFENDANT/PETITIONER

### MAGISTRATE JUDGE'S REPORT and RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (ECF No. 26) filed April 7, 2014.  The United States of America filed a Response (ECF No. 41) on January 27, 2015.  The Petitioner has not filed a Reply and the matter was referred to the undersigned on January 26, 2016.

### I.  Background

On December 18, 2012, a Criminal Complaint was filed against Christian Dubon-Delao ("Dubon-Delao") alleging the defendant was found in the Western District of Arkansas after having been previously convicted of an Aggravated Felony (delivery of marijuana in the 262nd District Court of Harris County, Texas) and being subsequently removed from the United States on or about July 27, 2009, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (Doc. 1).

On January 16, 2013, Dubon-Delao was named in a one-count Indictment filed in the United States District Court for the Western District of Arkansas. (Doc. 7). Count One charged Dubon-Delao with being an illegal alien who had been previously removed or deported from the United States on or about June 9, 2005, after being convicted of an aggravated felony, Delivery

of a Controlled Substance, Marijuana, in the District Court for Harris County, Texas, was found to be in the United States, having knowingly and unlawfully re-entered this country without having obtained permission from the Attorney General of the United States and/or the Secretary of the Department of Homeland Security to re-enter the United States, in violation of 8 U.S.C. §§ 1326(a) & (b)(2).

On April 16, 2013, Dubon-Delao appeared with counsel, Matt Golden, before the Honorable Harry F. Barnes for a change of plea hearing. (Doc. 16). An interpreter was present. A written plea agreement was presented to the Court that set forth that Dubon-Delao would agree to plead guilty to Count One of the Indictment. (Doc. 17). Additionally, Dubon-Delao knowingly and voluntarily agreed to waive his right to appeal except if his sentence exceeded the 20 year statutory maximum. (Id., at ¶ 7). After informing Dubon-Delao of his rights, the maximum possible penalties, reading the Indictment, and stating the substance of charge, Dubon-Delao entered a plea of guilty. The Court tentatively approved the Plea Agreement and ordered a Presentence Investigation Report ("PSR").

On August 14, 2013, the Probation Office issued Dubon-Delao's PSR. Neither the United States nor Dubon-Delao offered objections. (Add. to PSR). The PSR assessed a base offense level of 8 pursuant to U.S.S.G. § 2L1.2(a). (PSR, ¶ 15). Dubon-Delao's base offense level was increased 12 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(B) for having previously deported after a conviction for a felony drug trafficking offense. (PSR, ¶ 16). Dubon-Delao received a 3-point reduction for acceptance of responsibility. (PSR, ¶¶ 22 - 23). Dubon-Delao's resulting total offense level was 17. (PSR, ¶ 24). Dubon-Delao's criminal history amounted to a score of 9 placing him in category IV. (PSR, ¶ 32). Dubon-Delao's resulting advisory guideline range was

37 to 46 months imprisonment. (PSR, ¶ 45).

On November 8, 2013, Dubon-Delao appeared for sentencing. (Doc. 23). With an interpreter present, the Court sentenced Dubon-Delao on Count One to 37 months imprisonment, no term of supervised release as it is anticipated Dubon-Delao will be deported following his term of imprisonment, and a $100 special assessment. (Doc. 24).

On April 7, 2014, Dubon-Delao filed the instant Pro Se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion"). (Doc. 26). Also on April 7, 2014, Dubon-Delao filed a Notice of Appeal. (Doc. 29). The Court provided Dubon-Delao a Notice to Appellate informing him the notice of appeal appears to be untimely. (Doc. 31). The United States filed a Motion to Stay 28 U.S.C. § 2255 Proceedings Due to Pending Direct Appeal on May 19, 2014. (Doc. 36). The Court issued its Order granting the Motion to Stay on June 2, 2014. (Doc. 37). Per the Court's Order, the United States had 20 days from the Eighth Circuit's Mandate to file its response. The Eighth Circuit's Mandate dismissing Dubon-Delao's appeal as untimely was filed on October 22, 2014 (Doc. 39), however, the United States failed to file its response within 20 days. Thereafter, on January 15, 2015, the Court issued its Order directing the United States to respond to the issues raised by Dubon-Delao's § 2255 Motion by February 15, 2015. (Doc. 40). On January 27, 2015 the United States filed its Response. (Doc. 41).

## II. Discussion

A. Custody

The writ of habeas corpus functions to grant relief from unlawful custody or imprisonment. Absent custody by the authority against whom relief is sought, jurisdiction usually

will not lie to grant the requested writ. See 28 U.S.C. § 2241(c). See generally 39 C.J.S. Habeas Corpus §§ 6-7 (1976); *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir.1976) (habeas corpus may not be used to adjudicate matters "foreign to the question of the legality of custody.").

The Defendant filed his 2255 motion (Doc. 26) on April 7, 2014 and at the time he was incarcerated at C.I. Dalby Correctional Institution in Texas under a Judgment entered November 2013 of 37 months with credit for time served on the charge of illegal re-entry. (Doc. 24). There was no fine assessed in the Judgment and the Judgment specifically provides that it is "anticipated the defendant will be deported following his term of imprisonment." Id., p. 2.

Upon receiving the case the undersigned determined that the Defendant is no longer incarcerated at the C.I. Dalby Correction Institution, having been release on August 25, 2015. At the time he was released to an ICE detainer and a computer check on the ICE web page does not show that ICE currently has the Defendant in custody. A check of the Defendant's Presentence Investigation Report shows that he was arrested on December 18, 2012 (Doc. 18, p. 1) which means that his 37 month sentence has expired.

*In Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989) (per curiam), the Supreme Court held that "once the sentence for a conviction has completely expired, an individual is not 'in custody' under that conviction for purposes of habeas corpus attack (and therefore a federal court has no jurisdiction)," even though the conviction was used to enhance a subsequent conviction. *See Taylor v. Armontrout*, 877 F.2d 726, 726 (8th Cir.1989) (per curiam). *See also Flittie v. Solem*, 882 F.2d 325, 326-29 (8th Cir.1989) (en banc) (Beam, J., concurring). *See also Hogan v. State of Iowa* 952 F.2d 224, *225 (C.A.8 (Iowa),1991).

Since the Defendant has been released from custody and his sentence has been fully served the court does not have jurisdiction to consider his habeas request.

**B. Underlying Claims:**

Notwithstanding the fact that the Defendant is not in custody his claims have been considered by the court. The court has reviewed the Response (Doc. 41) filed by the Government and finds the Response to be well reasoned and, accordingly, finds the Defendant's claims are without merit.

The Defendant contends that: 1) his plea was not voluntary; 2) his attorney was ineffective for failing to object to unsupported allegations in the PSR; 3) his attorney was ineffective for failing to assure there was an adequate factual basis for his plea; and 4) counsel was ineffective for failing to file and appeal.

The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel. *U.S. Const. amend. VI.* The Supreme Court "has recognized that 'the right to counsel is the right to effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000); 2254. *Cox v. Wyrick,* 642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made

errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense).

To satisfy this "prejudice" prong, Defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted). Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996) (mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the

performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999).

Also, to the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997).

1. **Voluntary Plea**

Dubon-Delao alleges that counsel failed to advise him of his constitutional rights before he pled guilty, and as a corollary argument, that his plea colloquy did not comply with Rule 11 of the Federal Rules of Criminal Procedure.

To be constitutionally valid, a guilty plea must be knowing, voluntary, and intelligent, and because a guilty plea constitutes a waiver of various constitutional rights, it must be made with sufficient awareness of relevant circumstances and likely consequences. *See, e.g., United States v. Martinez-Cruz*, 186 F.3d 1102, 1104 (8th Cir. 1999). At the same time, an accused's representations during plea-taking, such as those concerning the voluntariness of the plea, carry a strong presumption of veracity. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997).

The Defendant executed a Plea Agreement that specifically provided that his plea was entered freely, voluntarily, and without reservation and that he was not coerced in any way to enter his plea. (Doc. 17, p. 10, ¶25(e)). According to the Plaintiff's brief "the transcript of Dubon-Delao's plea hearing shows that the Court did explain to him his constitutional rights and the implications of his guilty plea and that Dubon-Delao stated he understood the Court's explanations. (Change of Plea Hearing, Tr., pp. 5 – 7)." While the court does not have the

transcript of the hearing there is no evidence that the court did not comply with Rule 11 and the execution of the plea agreement by the Defendant contradicts the Defendant's argument that his attorney did not explain his constitutional rights.

### 2. PSR Finding:

Dubon-Delao faults counsel for not objecting to the probation officer's application of the aggravated-felony enhancement under the Guidelines. Dubon-Delao claims the "probation officer did not identify which [conviction] he relied upon," and the probation officer did not "identify the statute of conviction or provide any documents supporting either conviction."

In fact, the PSR devoted a paragraph to the eight-level-aggravated-felony enhancement under U.S.S.G. § 2L1.2(b)(1)(C), explaining that Dubon-Delao deserved the increase because his previous removal followed an aggravated felony conviction:

> Records from the Department of Homeland Security revealed that DUBON-DELAO was previously removed from the United States on or about June 9, 2005 after he had been convicted of Delivery of Marijuana Weighing More Than 1/4 oz., less than 4 oz in the 262nd Judicial District Court of Harris County, Texas. (PSR, ¶ 9).

The evidence shows that the Defendant's 2005 conviction was properly classified as an aggravated felony for sentencing purposes even though it was classified as a misdemeanor in Texas.

### 3. Failure to argue lack of adequate factual basis:

The Defendant's argument here is difficult to follow but he seems to be saying that his counsel was ineffective because he failed to argue that "at his removal proceedings" he was not advised of his right to appeal or right to counsel in Spanish. (Doc. 26, p. 7). It is unclear what

removal proceeding the Defendant is talking about but the PSR reflects that the Defendant was previously removed on June 9, 2005 after his marijuana delivery conviction and was removed again on July 13, 2009.  (Doc. 18, p. 4).

Vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255.  *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir.).  *See also  Smith v. United States*, 677 F.2d 39, 41 (8th Cir.1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . " *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Voytik v.United States*, 778 F.2d 1306, 1308 (8th Cir.1985); see also *Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir.1983) (conclusory allegations are insufficient to rebut the presumption of competency granted to defense counsel).

### 4.  Failure to Appeal

Finally, Dubon-Delao claims his counsel failed to file an appeal at his request.

If an attorney has consulted with his client about an appeal, he will not be found ineffective unless he fails to follow "express instructions with respect to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to § 2255 relief. *Barger v. United States*, 204 F.3d 1180, 1181 (8th Cir. 2000) Where the defendant expressly requests that his counsel file an appeal and counsel fails to do so, thereby depriving the defendant of his right to appeal, courts have not required a showing of prejudice or of likely success on appeal. See *Hollis v. United States*, 687 F.2d 257, 259 (8th Cir.1982); *U.S. v. Saucillo*  2007 WL 522228, 3 (N.D.Iowa) (N.D.Iowa,2007)

For such a claim to succeed, however, the client must show that he instructed his counsel to file an appeal. See *Hollis v. United States*, 687 F.2d 257, 259 (8th Cir.1982); *U.S. v. Saucillo* 2007 WL 522228, 3 (N.D.Iowa) (N.D.Iowa,2007). A bare assertion by the petitioner that he made such a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition. Id.

The Defendant and his attorney discussed the appeal process because in the Plea Agreement signed by the Defendant he specifically waived his right to appeal unless the sentence exceeded the statutory maximum. (Doc. 17, p. 3, ¶7). The Defendant's attorney has provided an Affidavit stating that the Defendant never asked him to file an appeal on his behalf. (Doc. 41-1).

The Defendant's allegation that he instructed his attorney to file an appeal is unsupported by the evidence or the record.

### C. Evidentiary Hearing

A section 2255 petition can be dismissed without an evidentiary hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusory. *See Delgado v. United States*, 162 F.3d 981, 983 (8th Cir.1998).

The availability of the Defendant is problematic and, in any case, the Defendant's allegations cannot be accepted as true because they are contradicted by the record or conclusory.

### D. Certificate of Appealability:

When the district court has denied a motion under 28 U.S.C. ' 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. ' 2253(c)(2). A

"substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir.1997). In this case, as demonstrated above, Petitioner has not made a substantial showing of the denial of a constitutional right.

### III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be **DISMISSED with PREJUDICE**.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED  January 27, 2016.

                                                         */s/ J. Marschewski*
                                                       HON. JAMES R. MARSCHEWSKI
                                                       U. S. MAGISTRATE JUDGE